**UNITED STATES of America,**
**Appellee,**

v.

**Reginald A. JENNINGS, Defendant–Appellant.**

**Docket No. 02–1411.**

United States Court of Appeals,
Second Circuit.

May 14, 2003.

Robert R. Strang, Assistant United States Attorney (Meir Feder, Assistant United States Attorney, on the brief), for James B. Comey, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Jeffrey S. Jacobovitz (Ellen Bass, on the brief), Kutak Rock LLP, New York, N.Y. and Washington, DC, for Defendant–Appellant.

Present: OAKES, WINTER, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

ORDERED, ADJUDGED, AND DE-CREED that the judgment of the District Court is AFFIRMED.

Defendant Reginald A. Jennings appeals from the judgment of conviction entered in the United States District Court for the Southern District of New York (Stein, *J.*) following his jury trial. Jennings was charged, along with co-defendant Herman McEwan, with conspiracy to commit wire fraud and wire fraud in violation of 18 U.S.C. §§ 2, 1343. The indictment alleged that Jennings, McEwan, and others devised a scheme to lease fraudulent bank guarantees to investors. As Jennings explains, "investors were told that these guarantees and associated documents supposedly issued by European banks would be invested in special trading programs from which they would reap large profits." After the victims wired the money to McEwan's accounts, the victims received copies of bank guarantees purportedly issued by Deutsche Bank; "safe-keeping receipts" for those guarantees purportedly issued by ING bank; and printouts purportedly from Bloomberg and Euroclear supposedly documenting that the bank guarantees and safekeeping receipts had been posted on these financial services. These documents were all fake. McEwan pled guilty on October 25, 2001, and Jennings's jury trial took place February 4–15, 2002. The jury convicted Jennings of all counts after approximately one hour of deliberations.

The District Court denied Jennings's post-trial motions for a new trial made pursuant to Rule 33 of the Federal Rules of Criminal Procedure. The District Court found that McEwan's plea allocution was admissible under Federal Rule of Evidence 804(b)(3) to prove the existence of the conspiracy and to prove conduct in furtherance of the conspiracy, that the statement admitted was properly limited to self-inculpatory statements, and that the District Court properly instructed the jury with respect to the limited purposes for which the evidence could be used. More-

over, the Court concluded that Jennings had waived any objection to the admission of the evidence by consenting to its admission.

The District Court agreed with Jennings, however, that the government improperly remarked in its opening that McEwan had admitted that he was part of the same conspiracy as that which Jennings was charged, given that the allocution could not be used to establish that Jennings was also a member of the charged conspiracy. The Court found that this error did not rise to the level of prejudicial reversible error, however.

With regard to Jennings's challenge to the admission of his bar suspension proceedings, the District Court found that, by stipulating to the admission, Jennings had waived this argument. Moreover, it found that the evidence was properly admitted because it was directly relevant to the claim that Jennings had made fraudulent misrepresentations in furtherance of the conspiracy (i.e., that he was international counsel), and that Jennings had opened the door for cross examination by testifying on direct examination concerning the circumstances of his suspension.

The District Court rejected Jennings's challenge to admission of his prior business dealings, finding that the government's cross examination constituted proper impeachment given Jennings's testimony that he had no prior experience with bank guarantees. Further, the District Court had given a limiting instruction to cure any potential prejudice. Similarly, the District Court found no evidentiary error with respect to two checks written by McEwan to Jennings, which were not related to the charged scheme. One check was not admitted into evidence, and the District Court had given a proper limiting instruction to the jury with respect to this evidence. Moreover,

the District Court found, the checks were proper impeachment evidence. It also ruled that Rule 16 of the Federal Rules of Criminal Procedure did not require exclusion of the evidence even though the government apparently failed to turn over to the defense one check prior to trial. Even if the checks were improperly used at trial, the District Court found that any error was harmless and that the limiting instruction adequately protected Jennings from undue prejudice.

With respect to Jennings's expert witness, the District Court found that a hypothetical question was incapable of being accurately answered and thus was irrelevant under Rule 402 of the Federal Rules of Evidence. Moreover, it found that it was proper to exclude the answer under Federal Rule of Evidence 704(b) because it called for an opinion as to whether Jennings had the mental state or condition constituting an element of the offense.

Finally, the District Court rejected Jennings's claims of ineffective assistance of counsel, which were largely based on the alleged evidentiary errors that the District Court rejected on the merits. Specifically, it found that Jennings had not overcome the presumption that trial counsel's conduct was the result of sound trial strategy, particularly given Jennings's trial strategy of trying to depict McEwan as the mastermind and Jennings as the unwitting dupe. It also found that Jennings could not satisfy the prejudice prong of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because his guilt "was supported by substantial, even overwhelming, evidence" such that the District Court did not lack confidence in the outcome of the trial.

On July 1, 2002, the District Court sentenced Jennings to seventy-eight months' imprisonment, pursuant to the 2000 Federal Sentencing Guidelines. The District

Court rejected Jennings's request for an adjustment for minor role and his motion for a downward departure. The District Court granted bail pending appeal because even though it thought the chance of reversal was slight, given the strong evidence of Jennings's guilt, it believed he could raise non-frivolous claims on appeal.

On appeal, Jennings asserts that the District Court (1) committed plain error in admitting a summary of McEwan's plea allocution; (2) committed plain error in failing to declare a mistrial or to grant other relief because of the government's improper use of the plea allocution summary in its opening statement; (3) committed plain error in not excluding or limiting reference to Jennings's bar suspension; (4) committed plain error in permitting the government to introduce evidence of his business dealings that predated the charged conspiracy; (5) erred in permitting the government to introduce bad checks delivered to him by the co-defendant and related documents that were unrelated to the charged offenses; (6) abused its discretion in limiting the defense expert's testimony; (7) erred in rejecting his claims of ineffective assistance of trial counsel on various grounds; (8) erred in refusing to set aside the verdict or grant a new trial; (9) abused its discretion by refusing to depart downward under United States Sentencing Guidelines Section 2F1.1 comment 11 or Section 5K2.0 because the offense was outside the heartland of fraud offenses contemplated by the Guidelines; (10) abused its discretion by refusing to grant a minor role downward adjustment under Guidelines Section 3B1.2; (11) erred in imposing an upward adjustment for abuse of a position of trust or special skill; and (12) erred in imposing an upward adjustment for obstruction of justice.

■ We review the District Court's evidentiary decisions for abuse of discretion. *See United States v. Taubman,* 297 F.3d 161, 164 (2d Cir.2002). "An abuse of discretion requires that the district court acted arbitrarily and irrationally." *United States v. Garcia,* 291 F.3d 127, 136 (2d Cir.2002) (internal quotation marks omitted). "[E]ven if there was an abuse of discretion [in admitting evidence], we will not order a new trial if the error was harmless—i.e., the evidence was unimportant in relation to everything else the jury considered on the issue in question." *United States v. Jackson,* 301 F.3d 59, 64 (2d Cir.2002) (citation and quotation marks omitted and alterations in *Jackson* ). As Rule 52(a) of the Federal Rules of Criminal Procedure states, "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."

> An erroneous ruling on the admissibility of evidence is harmless if the appellate court can conclude with fair assurance that the evidence did not substantially influence the jury. To say that the erroneously admitted testimony did not substantially influence the jury we are not required to conclude that it could not have had any effect whatever; the error is harmless if we can conclude that that testimony was unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record.

*United States v. Rea,* 958 F.2d 1206, 1220 (2d Cir.1992) (internal citations and quotation marks omitted).

■ When a defendant fails to make a contemporaneous objection to an evidentiary ruling, we review the ruling for plain error, in accordance with Rule 52(b) of the Federal Rules of Criminal Procedure ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). As the

Supreme Court has explained, "[t]here must be an 'error' that is 'plain' and that 'affect[s] substantial rights.' Moreover, Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). "Deviation from a legal rule is 'error' unless the rule has been waived." *Id.* at 732–33. "'Plain' is synonymous with 'clear' or, equivalently, 'obvious.'" *Id.* at 734 (quoting F.R.Crim. P. 52(b)). "[I]n most cases [to affect substantial rights] means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *Id.* at 734. Although this inquiry is similar to the harmless error inquiry under Rule 52(a), here a defendant must bear the burden of demonstrating that the error was prejudicial. *Id.* at 734.

█ We review the denial of a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure for abuse of discretion. *United States v. Thomas*, 303 F.3d 138, 142 (2d Cir.2002).

█ Facts relied on in sentencing need be established only by a preponderance of the evidence and will be overturned only if they are clearly erroneous. *United States v. Jacobo*, 934 F.2d 411, 418 (2d Cir.1991). The appellate court applies *de novo* review to the legal questions regarding application of the Sentencing Guidelines. *See United States v. Barrett*, 178 F.3d 643, 645 (2d Cir.1999). "We review for clear error a sentencing court's finding that a defendant did not play a minor role in the offense." *United States v. Castano*, 234 F.3d 111, 113 (2d Cir.2000).

Having thoroughly reviewed the record and considered all of Jennings's arguments, we find no basis to reverse the District Court's comprehensive and well-reasoned rulings.

The judgment of the District Court is **AFFIRMED.**